IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY BLAKE WASHINGTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-13-311-W |
| v. | ) | |
| | ) | |
| SUSAN (last name indecipherable), | ) | |
| JANA MORGAN, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. With his Complaint (Doc. # 1), Plaintiff has filed a motion seeking leave to proceed *in forma pauperis* (Doc. # 2). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Having conducted an initial review of the sufficiency of the Complaint pursuant to 28 U.S.C. §1915A, it is recommended that the "Motion for Leave to Proceed In Forma Pauperis" be denied without prejudice and that the action be dismissed without prejudice for improper venue. See Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)(court may consider in

§1915 screening whether jurisdiction and/or venue are appropriate "when the defense is obvious from the face of the complaint and no further factual record is required to be developed").

Because 42 U.S.C. § 1983 does not contain a venue provision, the general venue statute, 28 U.S.C. § 1391, determines where the § 1983 action may be brought.

This statute permits a civil action to

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Plaintiff is an inmate confined at the Oklahoma State Penitentiary ("OSP"), which is located in Pittsburg County, Oklahoma. Plaintiff identifies two Defendants in the action, both of whom are apparently employed at OSP and reside in McAlester, Pittsburg County, Oklahoma. Additionally, the events giving rise to Plaintiff's claims against these Defendants arose in Pittsburg County, Oklahoma. Pittsburg County is located within the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Under these circumstances, this Court clearly is not the proper venue in which to bring the instant action.

Where an action is filed in the incorrect venue, the court may *sua sponte* "dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which

it could have been brought." 28 U.S.C. § 1406(a). See United States v. Botefuhr, 309 F.3d 1263, 1274 n. 8 (10th Cir. 2002)(interpreting phrase "if it is in the interest of justice" in §1406(a) to grant district court discretion to either transfer action or dismiss action without prejudice). The Court should exercise its discretion to dismiss the action without prejudice in the absence of any compelling reason, such as the impending expiration of the statute of limitations governing Plaintiff's claims[1], to transfer, rather than dismiss, the action.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's "Motion for Leave to Proceed In Forma Pauperis" (Doc. # 2) be DENIED without prejudice to its renewal in the proper court and that the cause of action be DISMISSED without prejudice for lack of venue. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by   April 22nd , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

---

[1] Plaintiff's allegations in the Complaint, although difficult to decipher, appear to involve medications he was prescribed by Defendants between December 2011 and February 2012. In light of the applicable two-year statute of limitations governing § 1983 actions filed in this state, see Wilson v. Garcia, 471 U.S. 261, 276 (1985); Meade v. Grubbs, 841 F.2d 1512, 1522-1523 (10th Cir. 1988), there is no indication that Plaintiff's claims would be barred by any statute of limitations if they were brought in the appropriate court in the near future.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __2nd__ day of __April__, 2013.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE